UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE HUNTER,

                      Petitioner,

- against -

WILLIAM A. LEE,

                      Respondent.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-2-14

REPORT AND RECOMMENDATION

13 Civ. 5880 (PAE) (RLE)

To the HONORABLE PAUL A. ENGELMAYER, U.S.D.J.:

## I. INTRODUCTION

*Pro se* petitioner Wayne Hunter ("Hunter") seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his April 13, 2009 conviction in New York State Supreme Court, New York County. Hunter was convicted under Indictment 5251/07 of attempted assault in the first degree (N.Y. Penal law §§ 110.00/120.10[1]), and assault in the second degree (N.Y. Penal Law § 120.05[2]), and, under Indictment 6131/07, of fourteen counts of criminal contempt in the second degree (N.Y. Penal law § 215.50[3]). This case was referred to the undersigned on December 11, 2013. (Docket No. 15.)

Before the Court are submissions by Hunter in which he seeks to bring before the Court his conviction for criminal sale of a controlled substance in the fourth degree under a third Indictment, 5222/06. (Docket Nos. 26, 27.) Under Docket Number 27, Hunter filed a new Petition challenging the conviction ("the Indicment 5222/06 Petition"). For the reasons that follow, I recommend that the Clerk of the Court be ordered to (1) open a new case and issue a new docket number for the Indictment 5222/06 Petition, according to the procedures followed for new cases by the Clerk's Office; (2) date the Indictment 5222/06 Petition as filed the same

date as it was filed in the current action; (3) remove the Indictment 5222/06 Petition from the docket for the current action.

## II. DISCUSSION

On December 30, 2013, Hunter asked for an extension of time to reply to Respondent's response to his habeas corpus Petition and asserted that certain documents, including documents related to his conviction under Indictment 5222/06, were missing from Respondent's response. (Docket No. 16.) Respondent claimed that the records related to Indictment 5222/06 were not relevant because the current Petition only challenged Hunter's convictions under Indictments 5251/07 and 6131/07. (Docket No. 22.) On February 14, 2014, the Court issued an order finding that the current Petition did not challenge Hunter's conviction under Indictment 5222/06. (Docket No. 24.)

On February 28, 2014, Hunter wrote a letter asserting that he had filed a separate habeas corpus Petition challenging his conviction under Indictment 5222/06, asking whether the Court had received it and, alternatively, requesting leave to amend the current Petition to include Indictment 5222/06. (Docket No. 26.) On March 25, 2014, Hunter filed a new Petition challenging his conviction under Indictment 5222/06 as an Amended Petition under the docket number for the current Petition ("the Indictment 5222/06 Petition"). (Docket No. 27.) The Indictment 5222/06 Petition does not challenge Hunter's convictions under Indictments 5251/07 and 6131/07, and does not appear to be related to the underlying facts of those convictions. Hunter also filed a letter informing the Court of his intention to re-submit the Indictment 5222/06 Petition because he believed it had been misplaced by the Court. (*Id.*)

What Hunter refers to as an amended habeas corpus Petition is in fact a separate habeas corpus Petition challenging a separate conviction. Accordingly, I recommend that the Clerk of

the Court be ordered to:

(1) Open a new case and issue a new docket number for the Indictment 5222/06 Petition, (Docket No. 27), according to the procedures followed for new cases by the Clerk's Office;

(2) Date the Indictment 5222/06 Petition as filed the same date as it was filed in the current action;

(3) Remove the Indictment 5222/06 Petition from the docket for the current action.

### III. CONCLUSION

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Paul A. Engelmayer, 40 Foley Square, Room 2201, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: May 30, 2014**
**New York, New York**

**MAILED BY CHAMBERS**

Respectfully Submitted,

_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**