USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

WAYNE HUNTER,

                              Petitioner,

         -v-

WILLIAM A. LEE,

                              Respondent.

------------------------------------------------------------------------X

13 Civ. 5880 (PAE) (RLE)

ORDER ADOPTING
REPORT &
RECOMMENDATION

PAUL A. ENGELMAYER, District Judge:

      On August 20, 2013, petitioner Wayne Hunter ("Hunter") filed this *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court of attempted assault in the first degree, assault in the second degree, and fourteen counts of criminal contempt in the second degree. Dkt. 1 ("Petition"). On February 28, 2014, Hunter, *inter alia*, sought to amend his habeas petition to challenge a separate conviction for criminal sale of a controlled substance. Dkt. 26, 27. Before the Court now is the June 2, 2014 Report & Recommendation of Magistrate Judge Ronald L. Ellis, Dkt. 33 ("Report"), recommending that Hunter be permitted to file a separate habeas petition. For the reasons that follow, the Report is adopted without modification.

**I.    Background**

      On August 20, 2013, Hunter, proceeding *pro se*, filed the Petition. Dkt. 1. In the Petition, Hunter challenges, on the ground that he received ineffective assistance of counsel, his April 13, 2009 conviction in New York State Court, following a jury trial, of (1) attempted assault in the first degree and assault in the second degree, both under Indictment 5251/07; and (2) fourteen counts of criminal contempt in the second degree, under Indictment 6131/07. *Id.*

On December 10, 2013, respondent filed a declaration and accompanying memorandum of law in opposition to the Petition, requesting that the Petition be summarily denied. Dkt. 14. On December 11, 2013, the motion to deny the Petition was referred to Magistrate Judge Ellis for preparation of a Report & Recommendation. Dkt. 15.

By letter dated December 26, 2013, Hunter asked for an extension of time to reply to motion to dismiss the Petition on the ground that certain documents that supported the Petition were "missing" from the record, including, *inter alia*, (1) his C.P.L. § 440.1 motion with respect to Indictment 5222/06; and (2) his motion for a writ of error *coram nobis* for Indictments 5251/07, 6131/07, 5222/06. Dkt. 16.

By letter dated February 3, 2014, respondent argued that the records relating to Indictment 5222/06 are not relevant to the claims raised in the Petition, because the Petition challenges only Hunter's convictions under Indictments 5251/07 and 6131/07, and not those under Indictment 5222/06. Dkt. 22. Moreover, the letter stated, respondent had not produced Hunter's motion for a writ of error *coram nobis* because the Petition does not challenge appellate counsel's effectiveness, and therefore the motion papers associated with the *coram nobis* petition are not relevant to the claims raised in the Petition. *Id.* By letter dated February 5, 2014, Hunter responded that the Petition concerned his convictions under all three Indictments, and that he was, in fact, challenging the effectiveness of appellate counsel. Dkt. 23.

On February 14, 2014, Judge Ellis issued an order rejected that understanding, holding that "Hunter's [P]etition challenges his convictions under Indictments 5251/07 and 6131/07 only, and not Indictment 5222/06." Dkt. 24 at 3. The order further directed respondent to supplement its response with various records relevant to the grounds for relief raised in the Petition. *See id.*

2

By letter dated February 28, 2014, Hunter stated that he had filed a separate habeas corpus petition challenging his conviction under Indictment 5222/06. Dkt. 26. The letter inquired as to whether the Court had received it and, alternatively, requested leave to amend the current Petition to include Indictment 5222/06. *Id.* On March 25, 2014, Hunter filed a new habeas petition challenging his conviction under Indictment 5222/06, styled as an "Amended Petition" under the docket number for the current Petition. Dkt. 27.

On June 2, 2014, Judge Ellis issued the Report. Dkt. 33. The Report explained that "[t]he Indictment 5222/06 Petition does not challenge Hunter's convictions under Indictments 5251/07 and 6131/07, and does not appear to be related to the underlying facts of those convictions." *Id.* at 2. Thus, "[w]hat Hunter refers to as an amended habeas corpus Petition is in fact a separate habeas corpus Petition challenging a separate conviction." *Id.* Accordingly, the Report recommended that the Court direct the Clerk to (1) open a new case and issue a new docket number for the Indictment 5222/06 Petition; (2) date the Indictment 5222/06 Petition as filed the same date as it was filed in the current action; and (3) remove the Indictment 5222/06 Petition from the docket for the current action. *Id.* at 3. The Report further directed the parties to file any objections within 14 days of service of the Report. *Id.*

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need

3

only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer,* 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).

To date, no objection to the Report have been filed. Reviewing the Report for clear error, the Court finds none.

## CONCLUSION

For the foregoing reasons, the Report is adopted without modification. The Clerk of Court is hereby directed to: (1) open a new case and issue a new docket number for the Indictment 5222/06 Petition; (2) date the Indictment 5222/06 Petition as filed the same date as it was filed in the current action; and (3) remove the Indictment 5222/06 Petition (Dkt. 27) from the docket for the current action. The case is referred back to Judge Ellis for further proceedings.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: October 2, 2014
New York, New York

4